

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
**ATTORNEY GENERAL**

Honorable Ennis Favors
Chairman of the Committee of
Privileges, Suffrage and Elections
House of Representatives,
Forty-eighth Legislature,
Austin, Texas

Dear Mr. Favors:                 Opinion No. 0-5067
                                 Re: Payment of witness before
                                     Legislative Committee.

            We quote your letter of January 27, 1943:

            "The Committee on Privileges, Suffrage
    and Elections has before it a challenge by
    the Honorable Lawrence Bruhl as to the
    qualifications of the Honorable Harry Davis,
    this challenge being in the nature of a con-
    test and of which committee I am chairman.

            "Several witnesses have been subpoenaed
    to appear before the aforesaid committee and
    plans are being made to subpoena others, and
    the question has been raised in said committee
    as to the authority of it or its chairman to
    pay said witnesses their witness fees as pro-
    vided in Section 1, Rule XXVII of the Forty-
    Eighth Legislature.

            "We cite first Senate Bill No. 1, making
    an appropriation of Three Hundred and Fifty
    Thousand Dollars, which passed the House and
    has been signed by the Governor:

            "'An Act making an appropriation of the
        sum of Three Hundred and Fifty Thousand
        Dollars ($350,000.00), or so much there-
        of as may be necessary, out the any
        funds in the State Treasury not other-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

wise appropriated, to pay the contingent
expenses, and to pay the mileage and per
diem of members and the per diem of of-
ficers and employees of the Regular Sess-
ion of the Forty-eighth Legislature, and
to pay any unpaid accounts or expenses
of the Forty-seventh Legislature; and de-
claring an emergency.'

"We quote Section 1, House Rule XXVII of
the Forty-eighth Legislature:

"'The rule for paying witnesses summoned
to appear before the House, or any of its com-
mittees, shall be as follows:  For each calen-
dar day a witness shall attend, the sum of
three ($3.00) dollars; and for coming to or
going from the place of examination he shall
receive actual and necessary expenses, and two
($2.00) dollars for each calendar day which is
necessarily consumed in going to and returning
from said place of examination:  but nothing
shall be paid for traveling home when the wit-
ness was at the place of trial when summoned.
The certificate of the chairman of the committee
before which a witness is summoned, of the
amount due such witness, shall be sufficient
authority for the same to be paid.'

"We quote Section 18, House Rule VII of the
Forty-Eighth Legislature:

"'Five members, with full control under
direction of the House, over the expendi-
tures of the House out of the contingent
fund; and it is expressly provided that
no claim or bills against the House shall
be paid out of the contingent fund, un-
less the same shall have been previously
authorized, and a bill therefore subse-
quently approved by the Committee on Con-
tingent Expenses, or unless otherwise pro-
vided by a vote of the House.  The Com-
mittee on Contingent Expenses shall have
assigned to it a committee clerk who is a
bookkeeper and a stenographer, and who
shall, under the direction of the Com-
mittee, keep an itemized account of all

the supplies and merchandise of whatso-
ever kind or description, or other ex-
penditures authorized by the Committee,
from whom ordered, and the price paid
therefor. This statement shall at all
times be open to the inspection of any
Member of the House, and the minutes of
the meetings shall be kept in a well-
bound book, and at the close of the
session of the Legislature shall be de-
livered by the chairman of the Committee
on Contingent Expenses to the Secretary
of State, with the request that it be
preserved in the archives of his office.'

"We also cite for your consideration Article
3065, of the R.C.S., of Texas and quote the same:

"'The house in which the contest is pend-
ing shall, as soon as practicable after
the report of the committee has been re-
ceived, fix a day for the trial of the
contest, and shall proceed to determine
whether the contestant or contestee, or
either of them is entitled to the con-
testant's seat; provided the said house
may hold the election void after full
consideration of all the evidence and
for the reasons prescribed in Article
3054, and in such case the Governor
shall at once be notified of the vacancy.
Such fees shall be paid to the witnesses
and the officers serving the process as
shall be prescribed by the rules of the
house in which said contest is pending,
and no mileage or per diem shall be paid
to either of the parties to said contest
until said case is determined, and in no
case shall any mileage or per diem be
paid to any party against whom any con-
test is decided.'

"Question No. 1: Is a certificate by me as
chairman of the Privileges, Suffrage and Elections
Committee, certifying the amount due a witness,
sufficient authority to authorize the Speaker and
chairman of the Contingent Expense Committee to
pay such witness and his actual and necessary ex-
penses and witness fees?

"Question No. 2:  Or, in the alternative, is it necessary for the House, by resolution, to appropriate a sum or sums for this purpose before subpoenas are issued and witnesses are brought before such committee, and before such actual and necessary expenses and witness fees are paid?"

Article 3065 specifically provides that "Such fees shall be paid to the witnesses * * * as shall be prescribed by the rules of the house in which the contest is pending. * * *."  Section 1 of House Rule XXVII fixes the fees to be paid witnesses before committees of the House.  Section 18, House Rule VII, requires previous authorization and subsequent approval by the Committee on Contingent Expenses of expenditures out of the contingent fund "unless otherwise provided by a vote of the House."  Section 1, House Rule XXVII otherwise provides in respect to witness fees and expenses, by stating that "the certificate of the chairman of the committee before which a witness is summoned, of the amount due such witness, shall be sufficient authority for the same to be paid."

The certificate provided by Section 1, House Rule XXVII, is therefore sufficient authority for the Chairman of the Committee on Contingent Expenses and the Speaker to furnish the certificate to the Comptroller required by the terms of Senate Bill No. 1.

Senate Bill No. 1 furnishes the necessary appropriation by law required by the terms of Article 8, Section 6, of the Constitution.  The incurring of obligations to be paid out of the contingent fund for expenses thus provided must be pursuant to authority given in advance by the House, else the want of "pre-existing law" to authorize the incurring of the obligation will prevent its payment, under the terms of Article 3, Section 44, of the Constitution; but in the case of witnesses, such authority is given by the terms of Section 1, House Rule XXVII.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (s)      R. W. Fairchild
                 Assistant

RWF-MR
RWF-jp
APPROVED FEB 2, 1943
(s) Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee
By B. W. B., Chairman